**UNITED STATES of America ex rel.
Anthony Marshall DiGIACOMO**

v.

**Alfred T. RUNDLE, Superintendent, State
Correctional Institution, Grater-
ford, Pa.**

**Civ. A. No. 70-801.**

United States District Court,
E. D. Pennsylvania.

Oct. 22, 1970.

Anthony Marshall DiGiacomo, pro se.

Arlen Specter, Dist. Atty., Philadelphia County by David Richman, Asst. Dist. Atty., for respondent.

### OPINION AND ORDER

HANNUM, District Judge.

In this petition for writ of habeas corpus, relator, Anthony Marshall DiGiacomo, attacks his conviction for burglary, larceny and receiving stolen goods on Indictment No. 50, August Sessions, 1964, Court of Quarter Sessions, County of Philadelphia.

The sole ground contained in relator's petition and upon which he challenges the legality of his present incarceration is that he was denied due process of law by reason of the trial court's acceptance of his guilty plea after it appeared on the record that he had available a substantial defense of voluntary intoxication.

■ Relator has exhausted his available state remedies with respect to this contention. Upon review of the state court records and in light of the nature of relator's present claim, the court concludes that an evidentiary hearing in this court is not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On September 20, 1964, relator appeared for trial on the aforementioned bill of indictment and was represented by a member of the Defender Association. The notes of testimony of relator's trial (hereinafter cited as "N.T. Trial") reveal that the court conducted an examination of relator to determine whether his desire to enter a plea of guilty was an informed and intelligent one. (N.T.Trial 3). A plea of guilty was then entered and following testimony by the Commonwealth's witnesses and relator, the court imposed sentence of an indeterminate term of imprisonment at the Pennsylvania Industrial School at Camp Hill.

On July 25, 1968, relator filed a petition pursuant to the Pennsylvania Post Conviction Hearing Act, Pa.Stat.Ann. tit. 19, § 1180–1 et seq. (Supp.1969). On March 6, 1969, a hearing was held at which relator was represented by counsel. The sole issue argued in that proceeding and subsequently raised on appeal was whether the testimony at relator's guilty plea proceeding indicated the existence of a substantial defense of voluntary intoxication so as to require the court to order the guilty plea withdrawn.

On April 12, 1969, the court dismissed the petition in an Opinion and Order. On appeal, the Superior Court of Pennsylvania affirmed *per curiam*, Commonwealth v. DiGiacomo, 216 Pa.Super. 711, 257 A.2d 919 (1969). The Pennsylvania Supreme Court denied allocatur by an order dated January 19, 1970, No. 387–A Misc. Docket No. 17.

After carefully reviewing the transcript of relator's guilty plea proceeding, the court has concluded that his sole ground for relief in his present petition is without merit and accordingly, his petition shall be denied.

There does appear some authority for the proposition that "in a case where the specific intent to commit a crime is an essential ingredient thereof, drunkenness to the point where such specific intent could not be formed constitutes a valid defense". B. Laub, Pennsylvania Trial Guide, § 195.1(2) (1959). However, relator's testimony at his guilty plea proceeding reveals that he did not have this defense available to him and supports the trial court's determination that relator did have the requisite intent to commit the crime charged. Dispositive of this issue is the fact that when relator's trial counsel was confronted with the testimony that relator was so drunk that he could not remember taking the items in question, he began to question relator about his degree of intoxication and presumably about his ability to form the specific intent required. Relator himself cut short the question which was being propounded to him by his attorney and stated that he knew what he was doing. (N.T.Trial 20).

■ Despite this admission, relator argues that the testimony merely supports the proposition that relator only knew that he was trespassing but does not tend to prove that relator had a felonious intent at the time of the entry. In light of the entire transcript of relator's guilty plea proceeding, it is completely unbelievable that all that relator intended by his admission was merely a trespass and not a burglary. To so limit the interpretation of relator's testimony in light of the entire record of his guilty plea proceeding would be to draw the shade upon reality. In any event, this court concludes, as did the court that considered relator's post conviction petition, that the one best qualified to give the statement its proper realization was the trial court, for it was that court who actually heard the statement made and observed the relator's demeanor at the moment it was made. From that, the trial court made a determination that

relator did in fact know what he was doing when his trespass became a burglary. This is supported not only by the record as a whole, but also by relator's own testimony. (N.T.Trial 20).

It is therefore apparent that relator did not have a substantial defense available and that he was not denied due process of law by reason of the trial court's acceptance of his plea. Relator's testimony was undoubtedly inculpatory and gave the trial court no reason to doubt the absence of the necessary mens rea element of proof or relator's understanding of his plea so as to necessitate its rejection.

Accordingly, the petition will be denied.